HUNICKE, Appellant, v. ESTATE OF JACOB THOMAS, Deceased, Respondent.

St. Louis Court of Appeals, November 3, 1903.

1. **Appellate Practice: REVIEW OF ERRORS AGAINST SUCCESS-FUL PARTY.** Where the plaintiff appeals from a judgment in her favor, which she thinks insufficient in amount, and the record shows she was not entitled to a verdict at all, the appellate court is debarred from reviewing the rulings of the trial court against her.

2. ———: **NO ISSUE WHERE EVIDENCE EXCLUDED.** Where there are two counterclaims offered by defendant, and no evidence is offered in support of one and the other is excluded from the consideration of the jury by instruction, there is no issue upon such counterclaims which could form a basis for error against the plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

*Ed. L. Gottschalk* for respondent.

REYBURN, J.—Appellant presented in the probate court for allowance against the estate of Jacob Thomas, her deceased father, a demand in the following form:

"Estate of Jacob Thomas,
    To Maggie Hunicke, Dr.

To board, lodging and washing furnished said Jacob
    Thomas, and nursing him during sickness, such
    services being rendered from July 1, 1896, to Sep-
    tember 30, 1897, inclusive; 61 weeks at $4.00 per
    week ...................................$244.00
To cash loaned to said Jacob Thomas.......... 114.00
                                            _____
                                            $358.00"

Defendant filed what is denominated and treated
by both parties as a counterclaim thus:

"And now comes William C. Richardson, P. A., in
charge of the estate of Jacob Thomas, deceased, and
shows to the court that after he took charge of said
estate he was compelled to and did bring suit against
said Maggie Hunicke for conversion of some of the as-
sets of said estate and recovered a judgment ordering
said Maggie Hunicke to turn over said property, and
for costs of suit.

"That said Maggie Hunicke turned over said prop-
erty but failed to pay costs and that this administrator
was compelled to and did pay the sum of $84.81 for and
on account of said costs.

"That said Maggie Hunicke also took of the estate
of said Jacob Thomas, deceased, and prior to the taking
possession of the estate by this administrator, $400, and
that she loaned the same to her husband, Frederick
Hunicke, which sum has never been returned to the de-
ceased or said estate, and that this administrator in-
stituted suit against said Frederick Hunicke for said
sum and interest and on June 16, 1899, recovered judg-
ment in the circuit court, room No. 1, city of St. Louis,
for $417.66 and costs amounting to $37.75 and which
judgment this administrator has been unable to collect."

On appeal a trial was had in the circuit court before
a jury which returned a verdict for claimant in the
sum of $121.42.

The cause was appealed upon what is familiarly known as a short record, by filing, in lieu of a perfect transcript of the record and proceedings of the trial, a certified copy of the record entry of the judgment together with the order granting the appeal, in conformity to section 813, of the Revised Statutes of 1899.   In the printed abstract of appellant, the testimony in support of her claim is thus set forth and presented:

"Plaintiff's case.—Mrs. Horn.

"Q.   State what conversation took place, either when you were talking to Mr. Thomas alone or when Mrs. Hunicke was in the room, about whether he would pay her for what she was doing for him.   A.   Well, he says he hoped he can pay her once for the trouble that she had with him.

"Q.   Do you recollect how long that was before he died?   A.   No, sir; I don't recollect; couldn't tell the date.

"Q.   Do you recollect whether he made that statement more than once to you or in your presence?   A. Yes, sir.

"Q.   When was it said at the other time?   Was that before or after this time that you have just told us about?   A.   Well, he often said that before.

"Q.   He said that before this time you have testified to first?   A.   Yes, sir.

"Other witnesses for plaintiff testified to the same effect.   Plaintiff rested."

In legal contemplation and effect the record would be no more irregular and inadequate if it contained no testimony on behalf of claimant.   That the plain statutory provisions regulating appeals, as well as the rules of practice adopted by and in force in this court, alike are not complied with by the appellant's abstract of the testimony on her behalf, is manifest.

If this case were here on the defendant's appeal, it is palpable the judgment would have to be reversed for lack of a prima facie case in favor of the plaintiff.

It is commendable in many actions at law to abbreviate the record, by stating that the parties introduced evidence tending to prove certain facts; but instead of pursuing that course this plaintiff undertook to state the substance and character of the evidence adduced in her favor. If such was the nature of the evidence adduced, as we must presume, it had no tendency to prove, either that she loaned the deceased money, or that she worked for him under a promise, express or implied, that he would compensate her for her services. Upon the record, therefore, it appears that she obtained a judgment to which she had made out no sort of right, and we are debarred from reviewing the rulings of the trial court in the admission or exclusion of testimony, or considering the instructions given or refused.

2. Appellant, however insists that the general verdict for plaintiff in the amount named is defective, in not disposing of all the issues submitted to the jury by plaintiff's demand and the counterclaim thereto of defendant. Leaving out of view the question of the right of the plaintiff, who introduced no evidence tending to make a case, but got a judgment notwithstanding, to assign for error that the counterclaims were not separately found on, the record shows that the second counterclaim was entirely excluded by the court, no evidence being brought in to support it, and that only one item for $25 in the first one was contested by the plaintiff, which item the court instructed the jury they should disallow. It, therefore, appears that there was practically no issue made for the jury as to what should be allowed the defendant on the counterclaim. The judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.